No. 16-15999

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JOSEPH GARY BAXTER, PATRICIA MARY BAXTER,
Petitioners-Appellees

v.

UNITED STATES OF AMERICA,
Respondent-Appellant

On Appeal from the United States District Court for the Northern
District of California, D.C. No. 15-cv-04764-YGR

MOTION OF ZERBE, MILLER, FINGERET, FRANK & JADAV, LLP
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* OUT OF TIME

Pursuant to Federal Rules of Appellate Procedure 29(b) and (e), Zerbe, Miller, Fingeret, Frank & Jadav, LLP respectfully requests leave to file the accompanying *amicus* brief out of time. The Respondent-Appellant in this case challenges the district court's ruling that the Petitioners-Appellees did not receive sufficient notice pursuant to section 7602(c) of the Internal Revenue Code before the Internal Revenue Service issued third party summons revealing the taxpayer's

return information. *Amicus*'s participation in this appeal is desirable and will aid the Court's disposition of this appeal because, *amicus* and its counsel have extensive experience representing taxpayers before the Internal Revenue Service, and because the Parties' briefs have not addressed many of the issues relevant to the sufficiency of notice prior to making third party contacts required by the Internal Revenue Code.

Because the district court's decision in this matter was not brought to amicus's attention by the parties or the legal press, *amicus* was not aware of this case until well after the time ordinarily allotted for the filing of amicus briefs had passed. Counsel for *amicus* has worked diligently to prepare and submit the accompanying brief for the Court's consideration as soon as possible.

## INTEREST OF ZERBE, MILLER, FINGERET, FRANK & JADAV, LLP

*Amicus* is a law firm with a significant practice representing small- and medium-sized businesses across the country in tax controversy matters. *Amicus* has worked with a great number of clients, representing them before the Internal Revenue Service.

In the course of its work, *Amicus* has seen firsthand how the IRS's current practice with respect to third party contacts fails to give

taxpayers a chance to respond to the IRS, offer more information, and potentially avoid third party contacts altogether.[1] Indeed, in IRS audits and examinations, the Service is increasingly bypassing many of *Amicus's* clients altogether, preferring to make third party contacts in the first instance.[2] In a 2015 study of the issue, the IRS's Office of the Taxpayer Advocate found that "the IRS made [third party contacts] in

---

[1] Testifying before Congress, Kathy Petronchak—the former Commissioner for the IRS's Small Business/ Self-Employed Division, and current Director of IRS Practice & Procedure at alliantgroup, LP—stated that "we are seeing increasing use of the [third party] contacts that warrant concern," namely those contacts where the IRS has not made a reasonable attempt to obtain the information from the taxpayer, but "already has the information […] [or] haven't even requested the information [from the taxpayer] in the first place." Kathy Petronchak, *Testimony Before House Committee on Small Business*, Sept. 14, 2016, available at: http://smallbusiness.house.gov/uploadedfiles/9-14-16_petronchak_testimony.pdf.

[2] "In representing small business clients, we are seeing extensive third party contacts. These third party contacts do not appear to be done as a last resort or because the taxpayer has refused to provide the information. Instead the IRS uses the rubric of 'verifying' what information the taxpayer has stated. This is done even in cases where there is no evidence to suggest that the taxpayer is incorrect and is done without giving the taxpayer a chance to address an IRS question." Dean Zerbe, *Testimony Before the Senate Committee on Small Business and Entrepreneurship*, July 22, 2015, available at: http://www.sbc.senate.gov/public/?a=Files.Serve&File_id=052772a2-cbc7-40b3-ab6b-e7eacfdd6694

68.1 of its field collection cases and 8.5 percent of its field examination cases." Taxpayer Advocate Service, 2015 Annual Report to Congress, Vol. 1 at 124 ("Taxpayer Advocate"). This practice threatens to expose *Amicus's* clients to unnecessary reputational and financial harm, as third party contacts have the potential to damage a taxpayer's client and business relationships.

*Amicus* therefore seeks to inform the Court of arguments and materials that Appellees may have missed, or that Appellants have neglected to address. *Amicus's* clients—many of which are located within the ninth circuit—will directly be affected by this Court's decision.

## ARGUMENT

*Amicus*'s counsel have deep familiarity with the issues relating IRS examinations, and, in particular third party contacts. *Amicus* has included in its proposed brief arguments relating to section 6103 of the Internal Revenue Code, which the parties have not addressed, and which Amicus believes is relevant to the consideration of the issues on appeal. Additionally, the proposed brief includes discussion of other relevant materials, such as the Report of the National Taxpayer

Advocate on the issue. Accordingly, *amicus* represents that the accompanying brief is submitted in good faith to ensure that the important legal issues before the Court—which affect all taxpayers, not just the parties in the instant case—are thoughtfully presented for the Court's consideration.

*Amicus* is aware that the time ordinarily allotted for filing *amicus* briefs in this case has passed. In this instance, however, *amicus* was not aware of the pendency of this matter until after the ordinary time for filing amicus briefs had passed. Upon learning of this matter, counsel for *amicus* worked diligently to prepare and submit the accompanying brief for the Court's consideration as expeditiously as possible.

Further, *amicus* submits that accepting the proposed *amicus* brief for filing will not unduly delay the ultimate disposition of this matter, especially when this appeal has not yet been scheduled for oral argument, and will not unfairly prejudice the parties, because Federal Rule of Appellate Procedure 29(e) provides for the opposing party (here, Respondent-Appellant) to be afforded an opportunity to respond if the Court accepts the proposed brief for filing.

## CONCLUSION

The Court should grant leave to file the accompanying amicus brief and should direct the Clerk to accept the proposed brief for filing.

Respectfully Submitted,

s/ Felipe Bohnet-Gomez

Dean A. Zerbe
Steven T. Miller
Felipe S. Bohnet-Gomez*

ZERBE, MILLER, FINGERET, FRANK & JADAV, LLP
1455 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20004
Tel. (713) 350-3529

*Admitted in New York only. Supervised by Steven T. Miller, a member of the D.C. Bar.

*Counsel for* Amicus Curiae

Date: February 24, 2017

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 24, 2017. I certify that participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


    s/ Felipe Bohnet-Gomez
    Felipe Bohnet-Gomez

*Attorney for Amicus Curiae*