IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| JOSEPH GARY BAXTER; PATRICIA MARY BAXTER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner-Appellees | ) |  |
|  | ) |  |
| v. | ) | No. 16-15999 |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent-Appellant | ) |  |
|  | ) |  |

**APPELLANT'S OPPOSITION TO THE MOTION OF ZERBE, MILLER, FINGERET, FRANK & JADAV, LLP FOR LEAVE TO FILE AN UNTIMELY *AMICUS CURIAE* BRIEF; IN THE ALTERNATIVE, IF THIS COURT ACCEPTS THE *AMICUS CURIAE* BRIEF, APPELLANT SEEKS 30 DAYS WITHIN WHICH TO FILE A RESPONSIVE BRIEF**

The appellant in the above-captioned appeal, by and through counsel, Nathaniel S. Pollock, respectfully opposes the motion of the law firm of Zerbe, Miller, Fingeret, Frank & Jadiv, LLP (ZMFF&J) to file an untimely *amicus curiae* brief. As explained below, the proffered *amicus* brief is not only untimely, but it also suffers from other serious defects. If this Court nonetheless decides to accept the proffered *amicus* brief, appellant respectfully requests 30 days from the date of this Court's acceptance of the brief within which to file a responsive brief. *See* Fed.

15193125.1

R. App. P. 29(a)(6) (explaining that an order granting leave for the filing of an out-of-time *amicus* brief will also "specify[] the time within which an opposing party may answer"). Though the rules do not define the length of such a responsive brief, appellant anticipates that a response to the proffered *amicus* brief may require up to 7,000 words (the length of the proffered *amicus* brief) and thus requests that the court permit a response of that length.

This Court should not accept or consider the proffered *amicus* brief for the following reasons:

1. ZMFF&J's primary argument for this Court's acceptance of their out-of-time *amicus* brief is that the brief proposes new arguments "which the parties have not addressed." Motion at 4. But this Court has repeatedly explained that it will not consider arguments presented only by an *amicus curiae*. *See, e.g., United States v. Wahchumwah*, 710 F.3d 862, 868 n.2 (9th Cir. 2013) (explaining that "arguments not raised in a party's opening brief are deemed waived, … and the court will not consider arguments raised only in amicus briefs") (citations omitted); *Simmons v. Navajo Cnty., Ariz.,* 609 F.3d 1011, 1022 n.3 (9th Cir. 2010) ("[W]e decline to consider an argument raised only by [amicus] on

appeal.") (citation omitted; alteration in original); *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("An amicus curiae generally cannot raise new arguments on appeal, … and arguments not raised by a party in an opening brief are waived.") (citations omitted); *Chaker v. Crogan*, 428 F.3d 1215, 1220 (9th Cir. 2005) (same); *Russian River Watershed Prot. Comm. v. City of Santa Rosa,* 142 F.3d 1136, 1141 n.1 (9th Cir. 1998) (We decline to address this argument because, as the [*amicus curiae*] candidly acknowledges, it is raised for the first time on appeal, and not by any party). As ZMFF&J's motion candidly acknowledges, most of the arguments its proffered brief raises were not raised in the appellees' brief. Motion at 2, 4-5. These arguments are thus waived, and that waiver cannot be undone by ZMFF&J's late-filed *amicus* brief.

2. To participate in an appeal, a prospective *amicus* must articulate some "interest in the case." Fed. R. App. P. 29(a)(4)(D). ZMFF&J states that its interest in this appeal is that it is "a law firm with a significant practice representing small- and medium-sized businesses across the country in tax controversy matters," and that it

"has worked with a great number of clients, representing them before the Internal Revenue Service." Motion at 2.

ZMFF&J's interest is thus indistinguishable from the interest of any law firm in the United States that represents clients in tax controversy matters. ZMFF&J does not purport to represent any business or association with a particular interest in the issues presented; it is just a law firm whose attorneys apparently believe the appellees should have argued this case differently. While it is certainly not uncommon for a lawyer who is unaffiliated with a case to think that a party's attorney should have made different arguments, that is not sufficient reason to let that lawyer untimely file what is, in essence, a second brief for the appellee. If that were proper, a third lawyer, taking a different approach, could then file yet another *amicus* brief after the appellant responds to the first *amicus*. An appellant should not have to file a series of reply briefs responding to a series of briefs for the appellee testing out alternative ways to argue the case.

The extra briefing entailed by an out-of-time *amicus* brief might conceivably be justified when the *amicus* has a strong interest in the appeal, particularly where that interest gives the *amicus* a unique

perspective on the issues before the court of appeals. It is not justified merely because different lawyers decide to take another crack at drafting an answering brief for the appellees.

3. ZMFF&J has not provided an adequate basis for filing out of time. The only reason ZMFF&J supplies for their untimeliness is that they did not happen to learn about this case until after the time for seeking permission to file an *amicus* brief had passed. Motion at 2. For this they seem, in part, to blame the parties: "this matter was not brought to [ZMFF&J's] attention by the parties or the legal press." *Id*. Of course, there is no reason to expect that the parties would have informed ZMFF&J (or any other law firm unaffiliated with this case, for that matter) of the pendency of this appeal.

There is also no reason that ZMFF&J could not have learned about this case through their own efforts so as to be able to seek permission to file a timely *amicus* brief (or to offer to represent the appellees). The District Court decisions that are the subject of this appeal were issued in February and April of 2016 and have been available for some time on legal databases. See *Baxter v. United States*, No. 15-CV-04764-YGR, 2016 WL 468034 (N.D. Cal. Feb. 8, 2016), and

15193125.1

*Baxter v. United States*, No. 15-CV-04764-YGR, 2016 WL 1359413 (N.D. Cal. Apr. 6, 2016). Appellant submitted its opening brief in this case on September 12, 2016. And appellees, after several extensions, submitted their brief on January 2, 2017. Appellant then submitted its reply brief on February 2, 2017.

ZMFF&J thus seeks to file its *amicus* brief more than a month and a half after an *amicus* brief in support of appellees was due, and more than three weeks after this case was fully briefed. In addition to filing their proposed brief out of time, ZMFF&J seeks to profit from their own tardiness by responding not only the to the United States' opening brief, but also to the United States' reply brief – something that an *amicus* that filed a timely brief would *not* be able to do.

4. Finally, ZMFF&J failed to comply with the consent requirement of Ninth Circuit Rule 29-3. Their motion does not "state that [ZMFF&J] endeavored to obtain the consent of all parties." No attorney from ZMFF&J contacted or attempted to contact undersigned counsel before the *amicus* brief was proffered.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny ZMFF&J's motion for leave to file an untimely *amicus curiae* brief, and that it remove ZMFF&J's proffered brief from the docket and decline to consider it. In the alternative, if this Court grants ZMFF&J's motion, the United States respectfully requests 30 days from the date this Court grants ZMFF&J's motion within which to file a responsive brief of not more than 7,000 words.

        Respectfully submitted,

        DAVID A. HUBBERT
         *Acting Assistant Attorney General*

/s/ Nathaniel S. Pollock

| | |
|---|---|
| MICHAEL J. HAUNGS | (202) 514-4343 |
| NATHANIEL S. POLLOCK | (202) 514-8139 |

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

MARCH 2017