No. 16-15999
_____

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH DISTRICT
_____

JOSEPH GARY BAXTER; PATRICIA MARY BAXTER

Petitioners-Appellees

v.

UNITED STATE OF AMERICA,

Respondent-Appellant
_____

ON APPEAL FROM THE ORDER OF
THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
_____

APPELLEES' REPLY TO MOTION OF ZERBE, MILLER,
FINGERET, FRANK & JADAV, LLP FOR LEAVE TO FILE
AMICUS CURIAE BRIEF
_____

SARA BAXTER
JOSEPH BAXTER
645 Fourth Street, Suite 205
Santa Rosa, CA 95404
(707) 544-1149
Attorneys for Petitioners-Appellees
Joseph Gary Baxter and Patricia Mary Baxter

The law firm of Zerbe, Miller, Fingeret, Frank & Jadav, LLP's ("ZMFF&J") motion to file an Amicus Curiae Brief was filed on February 24, 2017. On March 9, 2017, Appellant United States of America filed an opposition to the motion on the ground that the brief proposes new arguments which the parties have not addressed.

Appellees support the ZMFF&J motion. While ZMFF&J's Amicus Brief provides this Court with the benefit of their considerable expertise in representing taxpayers before the Internal Revenue Service, the brief is essentially limited to issues raised by the trial court and/or the parties themselves. Thus, the fundamental issue in this case is the adequacy of the IRS Publication 1 notice. This issue was raised by the trial court's decision, and by the briefs filed by both of the parties.

Simply stated, the issue before the Court is whether IRS Publication 1 supplies the reasonable advance notice required by Section 7602(c)(1). The focus of Appellees' answering brief is that notice provided by IRS Publication 1 is a "mere gesture." Thus, Appellees' Answering Brief states at page 12:

> By any measure, Publication 1 is a "mere gesture." The language of Publication 1 was not *intended* to provide notice that IRS contacts "may be made" by issuing a summons demanding sensitive documents that may interfere with a taxpayer's employment. Without a doubt, the soporific "we may sometimes talk" language was intentionally chosen to minimize the notice. If this token notice constitutes "reasonable notice" in this case,

>the requirements of 26 U.S.C. section 7602 (c)(1) have been eviscerated.   (Emphasis in original)

The focus of the Amicus Brief is exactly the same.  (*See, e.g.,* pp. 23-34)  Thus, the brief argues that Publication 1 is problematic because of its vagueness.  (*See, e.g.*, pp. 23-25)   To its credit, however, the ZMFF&J brief provides the Court with extremely valuable research, citing legislative history, the National Taxpayer Advocates Report to Congress, and testimony before House and Senate Committees.

The second major point made by the ZMFF&J Amicus Brief is that the summons in this case violated the taxpayer's privacy rights.  (*See, e.g.,* Amicus Brief at pages 25-26)  Appellees make this same argument at page 9, note 3 of their brief.  Amicus, however, provide the Court with valuable in-depth research on the subject.

Without a doubt, Amicus provide an invaluable resource for the Court.  Counsel for Appellees are not tax attorneys.  Counsel for the United States, by contrast, devote their entire lives to these subjects.  Allowing the ZMFF&J Amicus Brief will provide necessary balance.  It will also allow this Court to render a fair

decision of important questions under the Internal Revenue Code after receiving in-depth briefing of all important aspects of the issues before the Court.

Respectfully submitted,

Dated: March 10, 2017 _____/S/_____
SARA H. BAXTER, Attorneys at Law
Counsel of Record for Plaintiffs - Appellants